# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| John Robert Davis, ) | |
| ) | C/A No. 6:21-cv-0954-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Phelps, ) | |
| ) | |
| Respondent. ) | |

Petitioner filed this action *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge filed a Report and Recommendation ("Report") recommending that this court dismiss Petitioner's § 2241 petition without requiring Respondent to file a return. (ECF No. 7 at 11). Petitioner subsequently filed objections to the Report. (ECF No. 16). The matter is ripe for review.

## I. Background

### A. Procedural History

The Report thoroughly summarizes the procedural history and background, (ECF No. 7 at 1–3), which the court incorporates herein. Briefly, Petitioner was convicted by a jury in the United States District Court for the Eastern District of Michigan on multiple charges, including conspiracy to murder a federal employee, 18 U.S.C. §§ 1114, 1117; conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(a), 846; possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting, 18 U.S.C. §§ 2, 924(c); possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g); and attempt to distribute a controlled substance, 21 U.S.C. §§ 841(a), 846. *See United States v. Davis*, 2:13-cr-20369-BAF, at docs. 66, 100 (E.D.

Mich.). On November 21, 2014, the sentencing court imposed a total prison term of 300 months, consisting of (1) concurrent sentences of 120 months as to the felon-in-possession count and 240 months as to the counts for attempted drug distribution, conspiracy to possess with intent to distribute, and conspiracy to murder a United States employee, and (2) a consecutive 60-month sentence as to the § 924(c) count. *Id*. at doc. 117. Petitioner appealed and the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's conviction and found no error in his sentence. *See United States v. Wilson*, 653 Fed. App'x 433 (6th Cir. June 24, 2016). The United States Supreme Court subsequently declined to issue a writ of certiorari. *See Wilson v. United States*, 137 S. Ct. 696 (Jan. 9, 2017).

In August 2017, Petitioner filed a motion for relief under 28 U.S.C. § 2255, arguing his trial counsel provided ineffective assistance by failing to challenge Count Five (aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime) as duplicitous and by failing to request a unanimity instruction. *Davis*, 2:13-cr-20369-BAF, at doc. 166. The district court denied the motion and declined to issue a certificate of appealability. *United States v. Davis*, No. 2:13-cr-20369, 2017 WL 11495284, at *2 (E.D. Mich. Dec. 14, 2017). Nonetheless, Petitioner appealed the denial of his § 2255 motion. The Sixth Circuit Court of Appeals issued a certificate of appealability, *Davis v. United States*, No. 18-1196, at doc. 13-2 (6th Cir. Aug. 22, 2018), but affirmed the denial of relief pursuant to § 2255, *id.* at doc. 30-2 (6th Cir. June 25, 2019).

Subsequently, Petitioner filed two additional motions for relief. First, Petitioner filed a one-page motion indicating he wanted any relief available under *United States v. Davis*, 139 S. Ct. 2319 (2019), *Rehaif v. United States*, 139 S. Ct. 2191 (2019), or the First Step Act. *See Davis*, 2:13-cr-20369-BAF, at doc. 216. Concluding that the motion was a second or successive § 2255 motion, the district court transferred the motion to the Sixth Circuit Court of Appeals for

consideration of whether to grant leave to file a successive motion. *Id*. at doc. 219. The Sixth Circuit declined to authorize Petitioner's filing of a second motion, concluding that Petitioner failed to make a *prima facie* showing that he would be entitled to relief based on any of the grounds specified in his motion. *In re Davis*, No. 20-1395, at doc. 17 (6th Cir. Feb. 17, 2021). Petitioner also filed a "letter/motion" seeking to have his convictions and sentences vacated on the grounds that the court lacked jurisdiction to enter judgment or impose a sentence because the indictment charged the § 924(c) count in the conjunctive, using the word "and" instead of the word "or" like the statute and, therefore, failed to charge an offense at all pursuant to the § 924(c). *Davis*, 2:13-cr-20369-BAF, at doc. 220. Concluding once again that Petitioner was attempting to file a successive § 2255 motion, the district court transferred the motion to the Sixth Circuit Court of Appeals for consideration of whether to grant permission for a successive motion. *Id*. at doc. 225. The Sixth Circuit again denied authorization for a successive § 2255 motion. *In re Davis*, No. 20-1591, at doc. 13-2 (6th Cir. Feb. 17, 2021).

### B. Instant § 2241

Petitioner now seeks habeas relief from this court pursuant to § 2241, making largely the same argument he unsuccessfully made to the Sixth Circuit Court of Appeals: that the indictment was "void on its face" because the language in count five of the indictment was not identical to the applicable statute. (ECF No. 1 at 6–7). Specifically, Petitioner notes count five charged him with aiding and abetting the possession of a firearm "in furtherance of a crime of violence *and* a drug trafficking crime," (ECF No. 1-1 at 9) (emphasis added), rather than in furtherance of a "crime of violence *or* drug trafficking crime" as used by the applicable statute. (ECF No. 1 at 7); *see* 18 U.S.C. § 924(c)(1)(A). Petitioner believes that the trial court, therefore, was without jurisdiction

3

and seeks dismissal of the indictment in its entirety or, alternatively, dismissal of count five and re-sentencing. (ECF No. 1 at 8).

In the Report, the magistrate judge correctly noted that Petitioner cannot challenge his conviction or sentence under § 2241 unless he can satisfy the "savings clause" of § 2255, (ECF No. 7 at 4), which requires him to demonstrate that the relief available under § 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Rather, to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a conviction, a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (establishing a four-part test for determining whether § 2255 is "inadequate or ineffective" to challenge *sentencing* errors). Significantly, the savings clause is a "jurisdictional provision." *Wheeler*, 886 F.3d at 423. Thus, if a petitioner cannot meet one of the *Jones* or *Wheeler* requirements, then the § 2241 petition "must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

4

The magistrate judge concluded that petitioner's allegations failed to satisfy the *In re Jones* requirements "because there are no allegations that the conduct for which the petitioner was convicted is no longer criminal due to a change in the law" as Petitioner alleges only that "there was a defect in his indictment" which deprived the district court of subject matter jurisdiction to enter judgment or impose sentence." *Id*. at 6. Further, the magistrate judge concluded that, to the extent Petitioner's § 2241 petition could be liberally construed as a challenge to the sentence he received for his convictions, the petition does not contain assertions or allegations that meet the *Wheeler* test for determining whether § 2255 is "inadequate or ineffective" to challenge any alleged sentencing errors. *Id*. at 10.

Finally, the magistrate judge determined that, "to the extent the petitioner's argument regarding defects in the indictment is intended as asserting an 'actual innocence' claim, the petitioner's claim still fails" because Petitioner has not "'support[ed] his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" (ECF No. 7 at 7–8 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995))). The magistrate judge points out that, instead, Petitioner claims he is legally innocent based on a defective indictment rather than factually innocent of the § 924(c) count, which does not state a claim of actual innocence. *Id*. (citing *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (actual innocence "standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent")).[1]

---

[1] The Report, construing the § 2241 petition liberally, also thoroughly considered and rejected any suggestion that Petitioner could satisfy the savings clause as to a claim under *United States v. Rehaif*, 139 S. Ct. 2191 (2019). (ECF No. 7 at 6–9). Even using the relaxed rules of construction appliable to *pro se* pleadings, however, the court perceives no basis for concluding that Petitioner

Thus, the magistrate judge recommended the court dismiss the petition without requiring Respondent to file a return. *Id*. Petitioner subsequently filed objections to the Report. (ECF No. 16). After carefully reviewing the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. Accordingly, this matter is ripe for the court's review.

## II. Legal Standards

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the

---

is raising a *Rehaif* claim in the present action. *See Williams v. Jabe*, No. 7:08-cv-0061, 2008 WL 5427766, at *6 (W.D. Va. Dec. 31, 2008), *aff'd*, 339 Fed. App'x 317 (4th Cir. 2009) ("Although the court liberally construes a prisoner's pro se complaint, the court cannot invent a claim for him out of nothing.").

court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Analysis

In his objections, Petitioner merely repeats the claim set forth in his § 2241 petition that was considered and rejected by the magistrate judge—that his indictment was defective because "the statutory material element 'or' [was] omitted . . . in the body of the indictment in count five's [§ 924(c)] allegation." *Compare* (ECF No. 16 at 1), *with* (ECF No. 1 at 7). Petitioner's objections, even liberally construed, do not address in any way the savings clause analysis set forth in the Report. Therefore, Petitioner has not objected to any specific, dispositive portion of the Report.

The objections are non-specific and simply restate Petitioner's claims. The court has thoroughly reviewed the Report, the record and Petitioner's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court **ADOPTS** the Report (ECF No. 7) and **DISMISSES** the petition (ECF No. 1) without requiring a return from Respondent.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 28, 2021